IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:17CV216-RJC-DSC

ROSALYN R. BAGWELL, )
      Plaintiff, )
)
vs. ) **MEMORANDUM AND RECOMMENDATION**
)
NANCY A. BERRYHILL,[1] )
**Commissioner of Social** )
**Security Administration,** )
      Defendant. )
_____ )

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #13) and Defendant's "Motion for Summary Judgment" (document #16), as well as the parties' briefs and submissions.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and that the Commissioner's decision be affirmed.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on April 22, 2017. She argues that the Administrative

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as Defendant herein. No further action is necessary pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

Law Judge ("ALJ") erred by giving significant weight to the opinion of Dr. Jack Drummond, a state agency medical expert who reviewed her records, and little weight to the opinion of Dr. Mark Fields, a state agency medical expert who evaluated her consultatively. Plaintiff's Memorandum at 2, 9-14 (document #13-1). Plaintiff also assigns error to the ALJ's evaluation of her credibility and failure to conduct a function-by-function analysis in formulating her Residual Functional Capacity ("RFC").[2] Id. at 15-18.

The parties' cross-Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

2

(1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled[3] as that term of art is defined for Social Security purposes.

Plaintiff challenges the ALJ's formulation of her RFC. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment,

---

[3]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

3

the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments.  SSR96-8p at *2.  However, it is the claimant's burden to establish her RFC by demonstrating how those impairments impact her functioning.  See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-00006, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

The Fourth Circuit has held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013).  This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested.  It is only after that function-by-function analysis has been completed that RFC may "be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Id.

The ALJ's RFC determination here is supported by Plaintiff's testimony, medical records and treatment history.  (Tr. 45-49).

Plaintiff argues that the ALJ failed to give proper weight to the opinions from Doctors Drummond and Fields.  An ALJ's determination "as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up

4

'specious inconsistencies,' … or has failed to give a sufficient reason for the weight afforded a particular opinion." Koonce v. Apfel, 166 F.3d 1209, 1999 WL 7864, at *2 (4th Cir. 1999) (citation omitted). See also Dunn v. Colvin, 607 Fed. App'x 264, 267 (4th Cir. 2015) (same).

State agency medical consultants are considered experts and their opinions may be given great weight when supported by the evidence. See 20 C.F.R. § 416.927(e)(2)(i); Social Security Ruling (SSR) 96-6p, 1996 WL 374180, at *2-3 (S.S.A.). When well-supported by the evidence, a non-examining physician's opinion may be given greater weight than that of an examining source. See 20 C.F.R. 416.927(c), (e); 56 Fed. Reg. at 36, 936-37, 36,953, 36,969. The ALJ's analysis of the evidence and the State agency medical consultants' opinions is supported by substantial evidence, and provides sufficient basis for the ultimate RFC finding (Tr. 48, 208-213). See Baldwin v. Colvin, No. 2:12-cv-76, 2014 WL 3939213 (W.D.N.C. Aug. 12, 2014) ("Under Social Security Administration regulations, the expert opinions of the examining medical sources and state agency reviewing doctors may amount to substantial evidence where they represent a reasonable reading of the relevant medical evidence.")

Dr. Drummond summarized the medical evidence (Tr.205-206), prepared a functional assessment limiting Plaintiff to light work, and substantiated his assessment (Tr. 208-211). Since Dr. Drummond's assessment was supported by the evidentiary record, the ALJ properly assigned it significant weight.

In assigning little weight to Dr. Fields' opinion, the ALJ explained that his findings were out of proportion to the majority of the objective findings in the record. See 20 C.F.R. § 416.927(c)(3)-(4).

Here, the ALJ properly evaluated the medical opinions of record, and Plaintiff's arguments fail to raise any "specious inconsistencies" or insufficient reasoning by the ALJ.

5

The Court also finds that the ALJ applied the correct legal standard and his credibility determination is supported by substantial evidence. (Tr. 46, 398-400). The ALJ noted that Plaintiff was improving with medication and walking longer distances. (Tr. 46, 398-400). See 20 C.F.R. § 416.929(c)(3)(iv-v). The ALJ considered the fact that Plaintiff stopped taking her sarcoidosis[4] medication on her own, suggesting that her symptoms were not debilitating. Hunter v. Sullivan, 993 F.2d 31, 36 (4th Cir. 1992) (failure to take medication, and lack of any consistent medical regimen to manage symptoms can properly lead to inference that symptoms are not as limiting as alleged).

Finally, the ALJ may satisfy the "function-by-function" requirement by referencing a properly conducted analysis of State agency medical consultants. See Settlemyre v. Colvin, No. 5:14-CV-00199-MOC, 2015 WL 5457950, at *4 (W.D.N.C. Sept. 16, 2015); Linares v. Colvin, No. 5:14-CV-00120, 2015 WL 4389533, at *3 (W.D.N.C. July 17, 2015) ("Because the ALJ based his RFC finding, in part, on the function-by-function analysis of the State agency consultant, the ALJ's function-by-function analysis complied with SSR 96–8p.) (citing Lemken v. Astrue, No. 5:07–CV–33–RLV–DCK, 2010 WL 5057130, at *8 (W.D.N.C. July 26, 2010); Onishea v. Barnhart, 2004 WL 1588294, at *1 (5th Cir. July 16, 2004)). The ALJ relied on the function-by-function analysis of Dr. Drummond, a State agency medical consultant, in his RFC determination. Consequently, the ALJ complied with the function-by-function requirement stated in SSR 96-8p. (Tr. 48).

Although the medical records establish that Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile

---

[4] Chronic and abnormal increase in cells in various organs or tissue. Dorland's Illustrated Medical Dictionary (28th ed. 1994).

inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and his ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #13) be **DENIED;** that Defendant's "Motion for Summary Judgment" (document #16) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766

F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: January 19, 2018

David S. Cayer
United States Magistrate Judge