UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-216-RJC-DSC

| ROSALYN R. BAGWELL, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) ORDER |
| NANCY A. BERRYHILL,[1] Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Rosalyn Bagwell's ("Plaintiff's") Motion for Summary Judgment, (Doc. No. 13); her Memorandum in Support, (Doc. No. 13–1); Nancy A. Berryhill's ("Defendant's") Motion for Summary Judgment, (Doc. No. 16); her Memorandum in Support, (Doc. No. 17); and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 18), recommending the Court grant the Defendant's Motion. Plaintiff filed a timely objection. (Doc. No. 19). Defendant also filed a timely reply to Plaintiff's objection on February 16, 2018. (Doc. No. 20). The Motion is now ripe for the Court's consideration.

---

[1] Nancy A. Berryhill, is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as Defendant herein. No further action is necessary pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as reproduced below:

Plaintiff filed the present action on April 22, 2017. She argues that the Administrative Law Judge ("ALJ") erred by giving significant weight to the opinion of Dr. Jack Drummond, a state agency medical expert who reviewed her records, and little weight to the opinion of Dr. Mark Fields, a state agency medical expert who evaluated her consultatively. (Doc. No. 13–1 at 2, 9-14). Plaintiff also assigns error to the ALJ's evaluation of her credibility and failure to conduct a function-by-function analysis in formulating her Residual Functioning Capacity ("RFC").[2] (Id. at 15-18).

The parties' cross-Motions are ripe for disposition.

## II. LEGAL STANDARD

### A. Review of the Magistrate Judge's Recommendation.

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified

---

[2] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id.

B. Review of a Final ALJ Decision under the Social Security Act.

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a

3

conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

Plaintiff argues the final agency decision errs as a matter of law because it concluded that Plaintiff is not disabled, discounted the medical opinion of the consultative physician Dr. Fields, discounted Plaintiff's credibility, and failed to conduct a function-by-function analysis. (Doc. No. 13-1 at 9). The Magistrate Judge disagreed with Plaintiff and recommended Plaintiff's Motion for Summary Judgment be denied and Defendant's Motion for Summary Judgement be granted. (Doc. No. 18 at 7).

Plaintiff objects to the Magistrate Judge's finding that the ALJ: (1) properly assigned weight to the medical opinions of Dr. Drummond and Dr. Fields; and (2) sufficiently explained his reasoning in doing so. (Doc. No. 19). The Court agrees with

4

Plaintiff that the ALJ did not sufficiently explain his reasoning for assigning Dr. Drummond significant weight.

An ALJ must provide "a narrative discussion describing how the evidence supports" his "explanation of the varying degrees of weight he gave to differing opinions concerning [the claimant's] conditions and limitations." Monroe v. Colvin, 826 F.3d 176, 190 (4th Cir. 2016) (internal citation and quotation marks omitted);[3] Knowles v. Berryhill, 2018 WL 1385410, at *6 (W.D.N.C. March 19, 2018); Willis v. Berryhill, 2017 WL 1011440, at *5 (E.D.N.C. March 14, 2017) (stating the ALJ must "explain the weight accorded [physicians'] opinions"). When a narrative discussion is missing, and a meaningful factual development is lacking, district courts may not mine facts from the record. Brown v. Colvin, 639 Fed. App'x 921, 922, 2016 WL 502918, at *1 (4th Cir. Feb. 9, 2016) ("We do not accept [the claimant]'s and the Commissioner's invitations to review the medical record de novo to discover facts to support or refute the ALJ's finding . . . it was error for the district court to do so."); see Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) ("Just as it is not our province to

---

[3] The Fourth Circuit has repeatedly cited Monroe to require specific explanations for an ALJ's determination of a medical opinion's weight. Most recently, in Woods v. Berryhill, the Fourth Circuit summarized Monroe as "finding insufficient the explanation that the 'consultative examiner opinion is consistent with the objective evidence and other opinions of record' even though the ALJ had recounted various medical evidence earlier in his opinion." 888 F.3d 686, 695 (4th Cir. 2018). The Court then determined that the ALJ's weight determination of medical opinions was conclusory and sparse. Id. ("[T]he ALJ gave Dr. Burgess's opinion 'some weight' because 'it is rather vague and general in nature,' but did not discuss what aspects of that opinion he found overly vague.").

reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ] . . . it is also not our province—nor the province of the district court—to engage in these exercises in the first instance.") (internal citation omitted).

Plaintiff argues in her objections that the ALJ "fail[ed] to build a logical bridge" explaining why he gave little weight to the state agency consultative examining physician while giving substantial weight to the state agency reviewing physician's opinion. (Doc. No. 19 at 2–3). The ALJ indicated that Plaintiff attended a consultative physical examination with Dr. Fields in May 2013 and summarized Dr. Fields's findings. (Doc. No. 12 to 12-1: Administrative Record ("Tr.") at 46). Plaintiff's records were also reviewed by Dr. Drummond, a state agency medical consultant, in September 2013. (Id. at 48). Defendant argues that because "the Magistrate Judge found that the ALJ explained that Dr. Fields's opinion was out of proportion to the majority of the objective findings in the record and was therefore entitled to little weight . . . the ALJ provided sufficient reasoning for his assessment of the opinions . . . . [making] Plaintiff's argument . . . without merit." (Doc. No. 20 at 2, 3).

The Court agrees with the Magistrate Judge that the ALJ properly explained the weight given to Dr. Fields's opinion. In giving Dr. Fields' opinion little weight, the ALJ noted that Dr. Fields' finding "might have been different if Dr. Fields had had the benefit of a complete record." (Tr. 49). A review limited to only a portion of a claimant's record is an obvious reason to afford an opinion less weight. However, the ALJ insufficiently explained why Dr. Drummond's opinion received significant weight.

6

The ALJ failed to summarize any of Dr. Drummond's findings in the ALJ opinion. (Tr. 48). The ALJ merely stated that Dr. Drummond's "assessments are supported by the totality of the objective medical evidence of record." (Id.). Because the Court cannot mine the factual record to determine what Dr. Drummond found after examining Plaintiff's record, it is impossible for us know whether Dr. Drummond's conclusion represents a reasonable reading of the relevant medical evidence. The ALJ supplied no laboratory findings or illnesses discovered by Dr. Drummond; he in fact did not state *any* of Dr. Drummond's findings, except that Dr. Drummond determined that Plaintiff could perform light work. (Id.). Therefore, the Court finds no narrative discussion describing how the evidence supports his weight determination.

## IV. CONCLUSION

Because the Court finds error in the ALJ's distribution of weight to medical opinions, it remands this case pursuant to Sentence Four of 42 U.S.C. §405(g) for further proceedings. The Court did not address Plaintiff's remaining arguments but the ALJ should take note of them on remand.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 13), is **GRANTED**; and

2. the Commissioner's determination be **VACATED**, and this matter be **REMANDED** for further proceedings.

Signed: August 7, 2018

Robert J. Conrad, Jr.
United States District Judge